Filed 4/25/23  P. v. Chavez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CESAR DANIEL CHAVEZ,<br><br>    Defendant and Appellant. | B321819<br><br>(Los Angeles County<br> Super. Ct. No. NA083210) |

APPEAL from an order of the Superior Court of Los Angeles County.  Judith L. Meyer, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * * * * * *

Defendant and appellant Cesar Daniel Chavez appeals from the denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95). During the pendency of this appeal, former section 1170.95 was renumbered and recodified as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to former section 1170.95 only by its new designation (section 1172.6).

We affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

Alex Malinov stored equipment from his vending machine business at a storage facility in Harbor City. He had an agreement with the owner of the facility to live on-site, acting as a security guard. On the evening of September 3, 2009, Mr. Malinov was involved in an altercation with defendant at the facility. Defendant attacked Mr. Malinov, causing a grievous injury to his neck, as well as additional lacerations on his head and chest.

Defendant was charged by information with one count of willful, deliberate and premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 1) and one count of mayhem (§ 203; count 2) arising from an altercation on September 3, 2009. It was alleged as to count 1 that defendant inflicted great bodily injury (§ 12022.7, subd. (a)) and, as to both counts, that defendant used a deadly and dangerous weapon (cutting object) in the commission of the offenses (§ 12022, subd. (b)(1)). It was further alleged defendant committed both offenses for the benefit of, at the direction of, or in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1), and that defendant had suffered a prior felony conviction within the

meaning of section 667.5 (2007 conviction for violation of Veh. Code, § 2800.2, subd. (a)).

After a jury trial at which defendant testified and explained his actions as being in self-defense, the jury found defendant guilty as charged and found true the special allegations. The court sentenced defendant on count 1, attempted first degree murder, to a life term with the possibility of parole and imposed additional terms for count 2 and various enhancements.

Defendant appealed. We affirmed in part and reversed in part, concluding that defendant was entitled to a retrial on the prior conviction allegation and to a modification of his sentence to reflect a stay pursuant to Penal Code section 654 as to count 2. We otherwise affirmed the balance of the judgment. (*People v. Chavez* (Jan. 6, 2012, B225900) [nonpub. opn.].)

On remand, the court imposed stays on count 2 (mayhem), the gang enhancement and the prior conviction enhancement, and prepared and forwarded a new abstract of judgment showing the corrected sentence to the Department of Corrections and Rehabilitation.

In the fall of 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed, amending Penal Code sections 188 and 189 to narrow accomplice liability for felony murder and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015, § 2, § 3.) Senate Bill 1437 also added section 1172.6 which sets forth a procedure for individuals convicted of felony murder or murder under a natural and probable consequences theory to petition for resentencing. (Stats. 2018, ch. 1015, § 4.)

In 2021, Senate Bill 483 (2021–2022 Reg. Sess.) was passed, which added Penal Code section 1171.1, effective January 1, 2022. (Stats. 2021, ch. 728, § 3.) Thereafter, former section 1171.1 was renumbered and recodified as section 1172.75. (Stats. 2022, ch. 58, § 12.) Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

In April 2022, defendant filed, in propria persona, a petition for resentencing pursuant to section 1172.6 alleging the information charging him with attempted murder allowed the prosecution to proceed under the natural and probable consequences doctrine or another theory based on imputed malice, he was convicted of attempted murder under one such theory, and that he could not now be convicted of attempted murder in light of the amendments to the murder statutes effected by Senate Bill 1437. Defendant requested the appointment of counsel. Defendant concurrently sought relief pursuant to Senate Bill 483, alleging that his one-year prior conviction enhancement was improper under the new legislation and resentencing was warranted.

On May 3, 2022, the trial court summarily denied defendant's petition, finding he failed to establish a prima facie case for relief because he was convicted of attempted murder as the actual and sole assailant and not under a felony murder or natural and probable consequences theory. The court also denied relief on the prior conviction enhancement stating, among other things, that the enhancement had been previously stayed and

defendant was not serving any additional time for that enhancement.

This appeal followed. We appointed appellate counsel to represent defendant. Defendant's appointed counsel, James R. Bostwick, Jr., filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 in which no issues were raised. The *Wende* brief included a declaration from Mr. Bostwick in which he explains that he forwarded the brief and the record to defendant, advised him of his right to file a supplemental brief and his right to discharge him as his attorney. Mr. Bostwick also stated his availability to brief, upon request, any issues we may have following our independent review of the case.

Defendant filed a two-page supplemental brief.

### DISCUSSION

Defendant's supplemental brief raises the following issues: (1) the court should have considered the fact that the victim (Mr. Malinov) was under the influence of alcohol; (2) the court imposed full-term consecutive sentences in violation of Penal Code section 654; (3) the evidence was insufficient to support a finding defendant acted with premeditation and deliberation; (4) the trial court erred in excluding impeachment of the victim with acts of moral turpitude; (5) the trial court erred in refusing to strike evidence related to the service of a gang injunction; and (6) cumulative error.

None of the issues raised by defendant related to the trial court's denial of his resentencing petition which is the subject of this appeal. All of the issues should have been raised, if at all, on direct appeal. Indeed, most of the issues were raised and rejected in defendant's direct appeal in 2012, including defendant's claims of evidentiary error, cumulative error and insufficient evidence of

5

premeditation. Defendant's claim pursuant to Penal Code section 654 was conceded by respondent in 2012. We reversed, and on remand the court imposed a stay and prepared a corrected abstract of judgment.

In any event, the trial court's denial of defendant's request for resentencing is unequivocally supported by the record. We have examined the entire record of proceedings and are satisfied there are no arguable appellate issues. The record demonstrates that defendant was found guilty of attempted murder as the sole assailant who acted with premeditation and intent to kill.

As for defendant's request for resentencing on the prior conviction enhancement which was filed in April 2022, it was procedurally improper and therefore properly denied. Penal Code section 1172.75 "establishes a mechanism to provide affected defendants a remedy" for legally invalid prior conviction enhancements. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) "Subdivision (b) of section 1172.[7]5 directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)' " and to provide that information to the sentencing court. (*Ibid*.) For individuals like defendant who are not currently serving time for that enhancement (defendant's term is stayed), the Secretary had until July 1, 2022, to provide that information to the sentencing court. (*Ibid*.) The sentencing court has until December 31, 2023, to complete resentencing for those individuals. (*Id*. at p. 381.)

## DISPOSITION

The order denying defendant and appellant Cesar Daniel Chavez's petition for resentencing is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


VIRAMONTES, J.